# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1770

_____

Rancho Holdings, LLC,                    *

                                *

          Appellant,            *

                                *

          v.                   *    Appeal from United States

                                *    District Court for the

Manzanillo Associates, LTD;      *    Western District of Missouri.

T.F. Stone Companies, Inc.;      *

Tommy F. Stone; Bruce Martin Myers,  *     [UNPUBLISHED]

                                *

          Appellees.           *

_____

Submitted: October 19, 2011
Filed:  November 1, 2011

_____

Before MELLOY, BOWMAN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Rancho Holdings, LLC appeals the district court's[1] order denying its request for a foreign antisuit injunction.  We affirm.

_____

[1]The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Foreign antisuit injunctions should be issued only in the rarest of cases. See Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft, 491 F.3d 355, 359-60 (8th Cir. 2007). In this case, United States courts are being asked to prevent a party from seeking a remedy solely available in the foreign jurisdiction. See id. at 365. Defendants are seeking to protect their property interest in Costa Rica by attaching the equivalent of a lis pendens to the property. The merits of the underlying litigation are not at issue. Therefore, a foreign antisuit injunction is not warranted at this time. See Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren, 361 F.3d 11, 18 (1st Cir. 2004) (noting in consideration of foreign antisuit injunction: "The gatekeeping inquiry is, of course, whether parallel suits involve the same parties and issues. Unless that condition is met, a court ordinarily should go no further and refuse the issuance of an international antisuit injunction."). If parallel litigation on the merits goes forward in Costa Rica, Rancho Holdings may renew its motion for an antisuit injunction with the district court.

_____